UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JUSTIN FRANKS,<br><br>Defendant(s). | Case No. 2:18-CR-125 JCM (GWF)<br><br>ORDER |

Presently before the court is Justin Franks's ("defendant") motion for recommendation to the Bureau of Prisons ("BOP"). (ECF No. 33). The government filed a notice of non-opposition. (ECF No. 34).

I. **Background**

Defendant was indicted for being a felon in possession of a firearm, theft from a federal firearms licensee, and possession of a stolen firearm. (ECF No. 5). Defendant pleaded guilty to all three counts and was sentenced to 51 months' incarceration per count, each to run concurrently to one another. (ECF Nos. 28; 31; 32). Defendant is nearing the end of his incarceration, and he will be eligible for release to a reentry placement on August 21, 2020. (ECF No. 33 at 1). Defendant now requests that this court recommend he be released to the reentry placement as soon as he is eligible. *Id.*

II. **Legal Standard**

A federal defendant who has been convicted and sentenced to a term of imprisonment is committed to the custody of the BOP. 18 U.S.C. § 3621(a). The BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b); *see United States v. Ceballos*, 671 F.3d

**James C. Mahan**
**U.S. District Judge**

852, 855 (9th Cir. 2011) (recognizing that the BOP "has the statutory authority to choose the locations where prisoners serve their sentence").

Pursuant to 18 U.S.C. §§ 3621(b) and 3624(c), the BOP has discretion to place an inmate in a residential reentry center ("RRC") and/or home confinement. *See Sacora v. Thomas*, 628 F.3d 1059, 1061–62 (9th Cir. 2010) (recognizing that these two "statutory provisions govern the BOP's authority to place inmates in its custody in RRCs"). Section 3621(b) authorizes the BOP to "designate the place of the prisoner's imprisonment" upon consideration of, in pertinent part, "any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted; or recommending a type of penal or correctional facility as appropriate." 18 U.S.C. §§ 3621(b)(4)(A)–(B).

Section 3624(c)(1), as amended by the Second Chance Act ("SCA"), states that the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term … under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). An appropriate placement may include an RRC or home confinement. 18 U.S.C. § 3624(c)(1)–(2). The SCA also requires the BOP to issue regulations designed to ensure that RRC placements are (1) "conducted in a manner consistent with section 3621(b)," (2) "determined on an individual basis," and (3) "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

**III.   Discussion**

In *Ceballos*, the Ninth Circuit held that a litigant cannot appeal a non-binding judicial recommendation because it is not part of the sentence. 671 F.3d at 856. The Ninth Circuit also suggested, in dicta, that "this holding does not deprive district courts of the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time—including but not limited to—during the sentencing colloquy." *Id.*, n.2. Accordingly, the court finds that it has the discretion to issue, or not issue, a post-judgment recommendation, and that such a recommendation does not violate the limitations set forth in 18 U.S.C. § 3582 and Federal Rules of Criminal Procedure 35 and 36.

Defendant represents that release to a reentry placement is appropriate in his case because his criminal history—including the underlying offense—was motivated by addiction, but he has been sober for over two years. (ECF No. 33 at 4). Defendant has also garnered no write-ups or incident reports, has taken advantage of available programming, and works for Unicor as a fabricator and welder. *Id.* at 4–5. Defendant "is grateful for the opportunity to learn to weld while in prison and eager to work in that field upon his release and to support his family." *Id.* at 5. Finally, defendant notes the ongoing COVID-19 pandemic as further reason that release from incarceration is warranted. *Id.* at 4.

Importantly, defendant indicates that his "caseworker recently informed him that he has been approved for six of months of reentry placement, but that he would likely be given the maximum term of 12 months with a recommendation from the sentencing judge." *Id.* at 5.

The court thus grants defendant's motion and recommends that he be released to a reentry placement as soon as he is eligible. The court further recommends that he be released for the maximum term of 12 months. To be sure, the court makes this recommendation not because of the ongoing pandemic, but because of the great strides defendant appears to have made while incarcerated.

The court commends defendant's sobriety and good conduct. His conduct has earned him this recommendation. The court admonishes him not to squander this opportunity.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Franks' motion for judicial recommendation (ECF No. 33) be, and the same hereby is, GRANTED.

IT IS HEREBY RECOMMENDED that Franks be considered for placement at a reentry placement for the maximum term of 12 months as soon as he is eligible.

DATED May 8, 2020.

_____
UNITED STATES DISTRICT JUDGE